IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD WALLER and | : | |
| JOANN WALLER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 5:05CV221 (DF) |
| | : | |
| BRANT FROST, FIRST NATIONAL | : | |
| INVESTMENTS, L.L.C., and ROBERT | : | |
| ABNEY FRICKS, Esq., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Currently before the Court are Plaintiffs' Motion to Appoint Counsel (tab 4) and for a Preliminary Injunction (tab 5). For the reasons listed below, both motions are denied.

**I.     Motion for Appointment of Counsel**

"The appointment of counsel in a civil case is a privilege and not a constitutional right." *Mekdeci v. Merrell Nat'l Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); *see also Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987). This privilege is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216

(11th Cir. 1992). With regard to a request for court appointed counsel in a civil case, "the district court has broad discretion in making this decision." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also* 28 U.S.C.A. §1915(e)(1). A key consideration for the district court is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court" and "where the facts and issues are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). In deciding the simplicity of the facts and issues, it is important to note whether the "core facts of the case are in dispute" and whether the "legal claims are straightforward". *Bass*, 170 F.3d at 1320. Even though "litigants undoubtedly would [be] helped by the assistance of a lawyer," if their case is not "unusual" or the circumstances "exceptional" then the district court does not abuse its discretion in denying court appointed counsel. *Id.*

In this instance, Plaintiffs challenge the actions of individuals involved with their bankruptcy filing. Plaintiffs have identified the Fair Debt Collection Act as ground for their action, but cite no case law and have not articulated specific claims or violations of the law. Plaintiffs dispute the facts involved with their bankruptcy filing and with the dispossession proceedings that are on-going concerning their home. Even so, because there are no defined legal claims or identified causes of action, the Court finds no exceptional legal circumstances and will not appoint counsel. Accordingly, Plaintiffs' Motion to Appoint Counsel is **DENIED**.

## II.     Motion for Preliminary Injunction

"A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success of the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Fours Seasons Hotels & Resorts, B. V. v. Consorcio Barr, S.A.*, 320 F. 3d 1205, 1210 (11th Cir. 2003). As an "extraordinary and drastic remedy", an injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Id.* at 1210.   Clearly establishing the burden of proof is a substantial task as the movant must "clearly carry" the burden as to each of the four prerequisites. *Church v. City of Huntsville*, 30 F. 3d 1332, 1342 (11th Cir. 1994).

Again, Plaintiffs failure to identify a specific cause of action or claim is fatal to their motion. It is not clear to the Court what the merits of Plaintiffs' case are, and consequently, there has been no showing that Plaintiffs have a substantial likelihood of success on the merits. As the first factor in the test for a preliminary injunction cannot be met, the Court need go any further in its analysis. Accordingly, Plaintiffs' Motion for a Preliminary Injunction is **DENIED**.

SO ORDERED, this 10th day of August, 2005.

                                            **s/ Duross Fitzpatrick**
                                            DUROSS FITZPATRICK, JUDGE
                                            UNITED STATES DISTRICT COURT

DF/has