IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD WALLER and JOANN WALLER, | : : : | |
| Plaintiffs, | : : : | 5:05CV221 (DF) |
| vs. | : : | |
| BRANT FROST; ROBERT ABNEY FRICKS; and FIRST NATIONAL INVESTMENTS, LLC, | : : : : | |
| Defendants. | : : | |

## O R D E R

On June 30, 2005, Plaintiffs Ronald and Joann Waller, proceeding *pro se*, filed a complaint in this Court alleging various unlawful acts against the above-named defendants arising out of the foreclosure sale of the Wallers' home. On August 12 the Wallers filed discovery requests with the Court seeking information from the defendants through interrogatories, requests for admissions, and requests for production. There are two problems with the filing of these discovery requests.

First, Rule 5.1 of the Local Rules of Civil Procedure in the Middle District of Georgia prohibits the filing of discovery requests and responses with the court "until they are used in the proceeding or the court orders filing." M.D. Ga. R. 5.1. Neither has occurred here; thus, the filing is inappropriate. Civil discovery is an information-sharing process that takes place between the parties and does not involve the Court.

Second, a review of the case file shows that the Wallers have not effected service of process on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Under Rule 4, a plaintiff in a civil action is responsible for having a summons and a copy of the complaint served on the defendant.  Fed. R. Civ. P. 4(c)(1) (West 2005).  This must be done within 120 days after the complaint is filed, or the plaintiff risks having his complaint dismissed without prejudice as against any unserved defendant.  Fed. R. Civ. P. 4(m).

The purpose of Rule 4 is to give a defendant formal notice that a lawsuit has been commenced against him.  Therefore, until proper service has been effected, any attempt to engage in discovery is premature.

The Court is returning to the Wallers their discovery requests and is forwarding to them a copy of Rule 5 of the Local Rules.  In addition, the Court directs their attention to, and expects their compliance with, Rule 4 of the Federal Rules of Civil Procedure.

Finally, the Court recommends that the Wallers become familiar with the obligations imposed on them by Rule 11 of the Federal Rules of Civil Procedure. This is not a threat.  The Court is not at this time contemplating Rule 11 sanctions for the Wallers' actions in this case—or even suggesting that their premature discovery requests are themselves sanctionable—but, given the frequency of their filings in this Court (in this case and others), it is too late in the day for them to suggest they are not aware of even the most basic requirements of the Federal Rules.

SO ORDERED, this 16th day of August, 2005.

                                      **/s/ Durosss Fitzpatrick**
                                      DUROSS FITZPATRICK, JUDGE
                                      UNITED STATES DISTRICT COURT

DF/sew