IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RONALD WALLER & JOANN WALLER,** : | |
| Plaintiffs, : | |
| vs. : | 5:05-CV-221 (DF) |
| **BRANT FROST, FIRST NATIONAL INVESTMENTS, L.L.C., & ROBERT ABNEY FICKS, Esq.,** : | |
| Defendants. : | |

**O R D E R**

Plaintiffs Ronald and JoAnn Waller have two motions pending before the Court: (1) Motion to Disqualify Judge and Set Aside the Court's August 10, 2005 Order ("Order") (tab 14); and (2) Motion to Strike Erroneous Statements (tab 13). This Order addresses each motion. For the reasons listed below, both motions are denied.

Before the Court addresses Plaintiffs' motions, the Court must clarify an administrative error. On July 20, 2005, the Court entered an Order addressing Plaintiffs' request to proceed *in forma pauperis*. The Court ordered Plaintiffs to pay $125.00 of the $250.00 filing fee up front, with the remainder to be paid at the rate of $10.00/month. Upon review, the Court has determined that Plaintiffs are not entitled to pay the remainder of the

filing fee in installments.

The Court's July 21 Order allowing Plaintiffs to pay the balance of the filing fee in installments is hereby **VACATED**. The Court hereby **ORDERS** Plaintiffs to pay the filing fee balance of $125.00 to the Court within **30 days**. Should Plaintiffs fail to do so, this action will be dismissed without further notice from the Court.

The effect of the Court's above determination is procedural as well as financial. Because Plaintiffs do not have *in forma pauperis* status, Plaintiffs are now responsible for effecting service of process on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4, a plaintiff in a civil action must serve a summons and a copy of the complaint on the defendant. Fed. R. Civ. P. 4(c)(1) (West 2005). Service must be accomplished within 120 days after the complaint is filed, or the plaintiff risks having his complaint dismissed without prejudice against any unserved defendant. Fed. R. Civ. P. 4(m). Due to the confusion surrounding Plaintiffs' *in forma pauperis* status, the Court will allow Plaintiffs **120 days from the date of this Order** to serve the above named Defendants. Failure to serve Defendants within 120 days will result in the dismissal of Plaintiffs' complaint without further notice from the Court.

**1. Motion to Disqualify Judge and Set Aside Order**

Pursuant to 28 U.S.C.A. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 requires the Court

to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted). Under 28 U.S.C.A. § 455, the allegation of bias must show "the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations and citations omitted).

Rule 60(b) of the Federal Rules of Civil Procedure (FRCP) provides the legal grounds for setting aside a court order. A court may order relief for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (West 2005).

Plaintiffs offer two grounds for recusing the undersigned Judge and setting aside the August 10 Order. First, Plaintiffs attempt to show this Court's personal bias by citing the Court's unfavorable disposition of two previous actions filed by Plaintiffs. Plaintiffs offer no objective evidence to support this contention. Plaintiffs' contention that the Order should be set aside is similarly unsupported. The Court's prior rulings against a party are neither a basis for recusing the presiding judge nor for setting aside a previous court order.

Second, Plaintiffs allege the undersigned Judge's rulings are racially motivated. The only facts that Plaintiffs offer in support of this contention are that Plaintiffs are African-Americans and the undersigned Judge and other "Caucasian Court administrators" are Caucasian. Plaintiffs' perception of the Middle District of Georgia as a "Caucasian Court" is misguided. The Chief Judge of the Middle District, the Honorable W. Louis Sands, is African-American. More importantly, the racial makeup of the Court and parties does not constitute grounds for setting aside the Order.

**2. Motion to Strike Erroneous Statements**

Plaintiffs move to strike five statements included in two separate orders that were entered in two <u>separate</u> proceedings pending before this Court. The Court issued an Order denying Plaintiffs' Motion to Appoint Counsel and for a Preliminary Injunction on August 10, 2005 (tab 10). This Order included the language highlighted in Statement (d) of Plaintiff's Motion to Strike. The Court also issued a separate Order denying Plaintiffs' Motion for Transcripts at No Cost on August 10, 2005. That Order included the language highlighted in Statements (a), (b), (c), and (e) of Plaintiffs' Motion to Strike; however, the Order was issued in Plaintiffs' other case currently pending before this Court.[1] The Court will address Plaintiffs' challenge to Statement (d) as it pertains to this action.

A Motion to Strike is only available when a party seeks to strike from "any *pleading*

---

[1] *See* ***Waller v. Frost***, Civil Action Number 5:05-CV-201.

4

any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f) (West 2005) (emphasis added). Plaintiffs seek to challenge the language in a court order, which is not a pleading. Consequently, the Court construes Plaintiff's Motion to Strike as a Motion for Relief from Judgment or Order under Rule 60(b) of the Federal Rules of Civil Procedure. Because the Court found above that Plaintiff is not entitled to relief under Rule 60(b), no further analysis is required. *See* part 1, *supra*.

Accordingly, Plaintiffs are **ORDERED** to pay the Court the balance owed for the filing fee ($125.00). In addition, Plaintiffs' Motion to Disqualify and to Set Aside this Court's August 10, 2005 Order is **DENIED**. Plaintiffs' Motion to Strike is also **DENIED**.

SO ORDERED, this 9th day of September, 2005.

/s/ **Duross Fitzpatrick**_____
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab