IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONALD WALLER and : |
| JOANN WALLER, : |
| : |
| Plaintiffs, : |
| : |
| vs. : 5:05-CV-221 (DF) |
| : |
| BRANT FROST and ROBERT : |
| ABNEY FRICKS, Esq., : |
| : |
| Defendants. : |

## O R D E R

On June 30, 2005, pro se Plaintiffs Ronald and JoAnn Waller filed the instant action alleging Defendants' noncompliance with the Fair Debt Collection Practices Act. 15 U.S.C.A. § 1692 et seq. Presently, the Court has before it Plaintiffs': (1) Motion to Correct Civil Docket Sheet (doc. 25); (2) Response to the Court's 12 October 05 Findings (doc. 26); (3) Motion for Trial by Jury (doc. 29); (4) Motion to be Refunded All Filing Fee Paid to the Court in Installments (doc. 31); (5) Motion for Entry of Default Judgment (doc. 32); (6) Motion the District Court to Appoint Them Legal Counsel (doc. 33); (7) Motion the Court for an Extension of Time for Service of Complaint and Summons (doc. 35); and (8) Motion the Court or Clerk to Specially Appoint a Person to Serve Summons and Complaint (doc. 36). This Order specifically addresses Plaintiffs' Motion For Extension of Time (doc. 35). For the reasons stated below, this motion is **DENIED**, Plaintiffs' action is **DISMISSED**, and the remaining motions have been rendered **MOOT**.

On September 9, 2005, this Court entered an Order effectively denying Plaintiffs in forma pauperis status and directing Plaintiffs to serve Defendants within 120 days. (Order, doc. 16, at 2.) The Court also warned Plaintiffs that "[f]ailure to serve Defendants within 120 days will result in the dismissal of Plaintiffs' complaint without further notice from the Court." (Order, doc. 16, at 2.) On October 7, 2005, Plaintiffs served Defendant Robert Fricks with a waiver of service form, which Fricks apparently refused to sign. (doc. 36, Attach. 1.) Plaintiffs moved for an extension of time to formally serve Defendants on January 9, 2006. (Mot. Ext. Time, doc. 35.) Plaintiffs' 120 day deadline for service of the summons and complaint expired on or about January 13, 2006. To date, Defendants have not been served with a summons or a copy of Plaintiffs' complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant, or shall direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (West 2005). Notwithstanding the foregoing language, the Eleventh Circuit has held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

2

While this Court has wide discretion to extend the time for service, the Court will not exercise its discretion to do so in Plaintiffs' case. This decision is proper notwithstanding Plaintiffs' pro se status and the Court's denial of Plaintiffs' in forma pauperis status. In the September 9 Order, the Court considered the foregoing circumstances and granted Plaintiffs an additional 120 days to serve Defendants. The Court also notified Plaintiffs that their failure to comply with the Court's order would result in the dismissal of their case. Plaintiffs did not complete service within the specified time period; thus, dismissal is appropriate according to both Rule 4(m) and the September 9 Order. *See* **Kersh v. Derozier**, 851 F.2d 1509, 1512 (5th Cir. 1988) ("the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .").

Accordingly, Plaintiffs' Motion for Extension of Time (doc. 35) is **DENIED**, and Plaintiffs' action is **DISMISSED** without prejudice. Based on the foregoing decision, Plaintiffs' Motion to Correct Civil Docket Sheet (doc. 25), Response to the Court's 12 October 05 Findings (doc. 26), Motion for Trial by Jury (doc. 29), Motion to be Refunded All Filing Fee Paid to the Court in Installments (doc. 31), Motion for Entry of Default Judgment (doc. 32), Motion the District Court to Appoint Them Legal Counsel (doc. 33), and Motion for Special Appointment (doc. 36) have been rendered **MOOT**.

SO ORDERED, this 17th day of April, 2006.

                              **/s/ Duross Fitzpatrick**
                              DUROSS FITZPATRICK, JUDGE
                              UNITED STATES DISTRICT COURT

DF/jab